THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MIGUEL FELICIANO RIVERA, Defendant and Appellant.

No. CR-70-15.    Decided February 1, 1971.

*Rafael Martínez Rivera* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Adolfo Negrón Cruz, Assistant Solicitor General,* for The People.

MR. JUSTICE RIGAU delivered the opinion of the Court.

The evidence shows that appellant illegally entered a residence during the nighttime through the kitchen, and when

he met there one of the three daughters of the household, who at that time was going to the bathroom, he threw a knife at her, but she evaded the aggression and screamed for help. Immediately her older sister came and when appellant saw her he escaped.

Appellant was accused of three offenses: (1) Burglary in the first degree, consisting in having illegally entered said residence during the nighttime and with the intent to commit grand or petit larceny; (2) aggravated assault; and (3) violation of § 4 of the Weapons Law, consisting in that at the time of the events he was illegally carrying a knife with a blade approximately seven inches long, and that he was carrying it at the time when he assaulted Ivette Feliciano, without succeeding in hurting her.

The three cases were heard jointly. Before the trial, defendant filed a motion informing the court that he would present a defense of alibi, but he did not do so when the same was held. The jury acquitted appellant of the offense of burglary in the first degree. The judge found him guilty of aggravated assault and the carrying of weapons, and ordered him to serve ten months in jail for each case, to be served concurrently.

On appeal defendant assigns two errors. In the first one he alleges that the trial court erred:

"In finding a person guilty of the offenses of aggravated assault and carrying of weapons, which occurred inside a residence during the late hours of the night, when a jury acquitted him of having entered said residence."

█ We do not agree. The jury did not acquit appellant of having "entered" the residence. They found him not guilty of burglary in the first degree, which is a different thing, since the entry into a house is only one of several elements comprised in said offense. As is well known, in order that burglary in the first degree be committed, there should concur (1) entry, (2) with the intent to commit grand or petit

larceny or any other felony, and (3) that it be committed in the nighttime. Sections 408 and 409 of the Penal Code, 33 L.P.R.A. §§ 1591 and 1592. Therefore, the acquittal for burglary and the convictions of aggravated assault and the illegal carrying of weapons are not necessarily incompatible.

■ Furthermore, as we explained in *People* v. *Medina Ocasio*, 98 P.R.R. 295 (1970), there need not exist a perfect correspondence between the verdicts of the jury and the judgments of the court. When different informations are heard jointly before a jury and before a court, the jury, as trier of some facts, must reach a verdict as to an offense; and the judge, also a trier of the facts, must reach a conclusion as to another offense or offenses. Each one—judge and jury—make their own findings of fact about the particular offense which is under his or its jurisdiction. They are triers independent one from the other and each one is authorized to act within his or its particular jurisdiction. The first error assigned was not committed.

■ The second assignment is to the effect that in finding defendant guilty of the offenses of aggravated assault and carrying of weapons, the court acted in contradiction to the decision in *People* v. *Cruz Collazo*, 95 P.R.R. 638 (1968). Appellant maintains that the offense committed was that of aggravated assault, but not that of carrying weapons. To that effect he states: "As it was shown, the weapon was used to assault another person, and therefore, the offense committed was that of aggravated assault, and not both, indistinctly."

That is not right. In *People* v. *Cruz Collazo, supra,* we emphasized the fact that there the illegal carrying of weapons was not established. In that case the event occurred inside defendant's establishment, where the latter had the knife. In this sense see *People* v. *Rivera Alvira,* 97 P.R.R. 86, 88 (1969). In the case at bar the carrying of the knife by appel-

lant in Ivette Feliciano's residence clearly constituted the illegal carrying of weapons. The second error was not committed either.

The judgments appealed from will be affirmed.

Mr. Justice Santana Becerra did not participate herein.